UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ADRIAN MARQUESE SIMS,
    Plaintiff,

vs.

RONALD ERDOS, et al.,
    Defendants.

Case No. 1:17-cv-310

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint against defendants Ronald Erdos, William Cool, Anthony Codogan, Cynthia Davis, D. Warren, Brian Mitchell, the Ohio Department of Rehabilitation and Corrections (ODRC), SOCF, and Linda Mahlman. (Doc. 1 at PageID 3). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

2

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff includes multiple allegations regarding the conditions of his confinement at SOCF. Plaintiff indicates that he was placed in solitary confinement from January to March. (Doc. 1, Complaint at PageID 3). During the first week, he claims he was refused clothing even after being taken off suicide watch. He further alleges that he was refused a blanket until the fourth or fifth day. Plaintiff claims he was maced after he asked for clothing and other personal property and that he was not given a decontamination shower for several days following the incident. (*Id.* at PageID 3–4). According to plaintiff, "[t]he day I was maced for asking for cloth[e]s and property of mine the sergeant grabbed my arm that I had in the food hatch and was trying to break it." (*Id.* at PageID 4).

Plaintiff also includes the following allegations regarding his confinement at SOCF: that he was refused recreation for over 60 days; that some of his property was destroyed; that his toilet was broken, with feces in it; that he was denied privileges such as recreation, television, phone, and programs; that he was not provided with a mental health evaluation; that he received threats and racial slurs; that the prison violated fire hazards by not having a sprinkler system; that his religious rights were violated by providing no services and making him cut his hair, which he

3

kept for religious purposes; that he was refused legal and library services; that prisoners are taken to the infirmary and beaten off camera; and that "they have personal grudge against me and vice versa;" and that the water at SOCF is contaminated. (*Id.*).

For relief plaintiff seeks a transfer, criminal justice reform, for policies and federal laws to be followed, that police brutality be investigated, to investigate and change SOCF Rehabilitation Program, and to be rewarded for pain, suffering, and any mental damage. (*Id.* at PageID 5).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted against the named defendants. Plaintiff has named individuals in supervisory and administrative roles at SOCF as defendants to this action and seeks to hold these individuals liable on the basis that "defendants are the administration they are in control of how the prison is run and what happens and all decisions are made by them they are responsible or the reason why or knowingly the cause of all punishment, regulations, & rules or what happens or condone in some type of way or knew and did nothing to change the violations and situations." (Doc. 1 at PageID 3).

However, it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee,* 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010)

4

(quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Plaintiff has not alleged any facts even remotely suggesting that defendants Warden Ronald Erdos, Deputy Wardens Cool and Codogan, UMA Davis, Major Warren, or Inspectors Mitchel and Mahlman directly participated in the alleged violations of plaintiff's constitutional rights. Plaintiff's only allegation against these defendants is that these individuals are part of the administration at SOCF. (Doc. 1 at PageID 3). The mere fact that these defendants have administrative roles at SOCF is not enough to impose liability on them under section 1983. Plaintiff has otherwise failed to make any allegation that these individuals violated his constitutional rights.

To the extent that plaintiff has named SOCF and ODRC as defendants to this action, plaintiff's claims against these defendants should also be dismissed. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. *Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam) (affirming screening dismissal of complaint to the extent it "fail[ed] to state a plausible claim for relief against the [state] Department of Correction or the prison"); *Good v. Ohio Dep't of Rehab. & Corr.*, No. 1:15cv190, 2015 WL 2452444, at *1, *3 (S.D. Ohio May 21, 2015) (Dlott, J.; Bowman, M.J.) (and cases cited therein) (dismissing complaint against the ODRC at the screening stage on the ground that the ODRC "is not a 'person' or legal entity that may be sued under § 1983"); *McGlone v. Warren Corr. Inst.*, No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and

numerous cases cited therein) (holding that the complaint against the ODRC and an Ohio prison was subject to dismissal at the screening stage because "neither the state prison facility nor the state corrections department is an entity that is capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.). Moreover, to the extent that the plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against the state agency defendants. *See, e.g., Wingo*, 499 F. App'x at 454; *Good, supra*, 2015 WL 2452444, at *3 (and cases cited therein); *McGlone, supra*, 2013 WL 1563265, at *3 (citing *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989)). Therefore, the complaint should be dismissed as to the ODRC and SOCF.

Accordingly, in sum, the complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 6/14/17

Karen L. Litkovitz
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ADRIAN MARQUESE SIMS,
    Plaintiff,

vs.

RONALD ERDOS, et al.,
    Defendants.

Case No. 1:17-cv-310

Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7