# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Adrian Marquese Sims,

    Plaintiff,

    v.

Erdos, *et al.*,

    Defendants.

Case No. 1:17cv00310

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court upon the Magistrate Judge's June 14, 2017 Report and Recommendation ("R&R"). (Doc. 7). The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that failure to make objections to the R&R in a timely manner would result in a forfeiture of their rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed objections to the R&R. (Doc. 8).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Plaintiff is an inmate at the Southern Ohio Correctional Facility ("SOCF"). He brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se.*

On June 14, 2017, the Magistrate Judge *sua sponte* reviewed Plaintiff's Complaint

pursuant the Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). (Doc. 7). The Magistrate Judge recommends that Plaintiff's Complaint be dismissed with prejudice. Plaintiff filed an objection. (Doc. 8).

The Court turns to the Magistrate Judge's R&R. (Doc. 7). The Magistrate Judge explains that Plaintiff has failed to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The Magistrate Judge further explains that Plaintiff cannot hold individuals in supervisory and administrative roles at SOCF liable because "the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel." (Doc. 7 at PageID 35). Last, the Magistrate Judge explains that SOCF and ODRC cannot be named as defendants because under § 1983 only "'a person' acting under the color of state law is subject to suit or liability." (Doc. 7, PageID at 36) (quoting *Parker v. Michigan Dept. of Corrections*, 65 F. App'x. 922, 923 (6th Cir. 2003)).

In his objections to the Magistrate Judge's R&R, Plaintiff states that "[i]t is policy that there is no more long term seg[regation and] no long term solitary confinement [sic]." (Doc. 8 at PageID 40). Plaintiff explains that "instead of following policy, [prison officials] chose to cover up for each other and deprive me and oppress me." (Doc. 8 at PageID 40). Plaintiff states that "they knew I was deprived of my rights because I wrote complaints on these situation[s] and was denied by the Defendants." *Id.* However, as the Magistrate Judge explained, the mere fact Defendants have administrative roles at SOCF is not enough to impose liability under § 1983.

Prison officials cannot be held liable under § 1983 "unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly

2

unconstitutional action about which the plaintiff is complaining." *Carter v. Wilkinson*, No. 2:05-cv-0380, 2009 WL 81217, at *3 (S.D. Ohio Jan. 8, 2009).  This holds true "even if the supervisor has actual knowledge of the constitutional violation" as long as the supervisor was not participating in or encouraging the constitutional violation.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). At a minimum, Plaintiff must show the supervisor "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional misconduct of the offending subordinate." *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005).

Here, Plaintiff has not alleged any facts suggesting that Defendants authorized, approved, or participated in the alleged violations of Plaintiff's constitutional rights. Therefore, there is no error in the Magistrate Judge's conclusion that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  As a result, Plaintiff's objections to the Magistrate Judge's R&R are **OVERRULED**.  Accordingly, the Magistrate Judge's June 14, 2017 R&R (Doc. 7) is **ADOPTED**.  It is hereby **ORDERED** that this action be **DISMISSED with PREJUDICE** for failure to state a claim for relief.  Pursuant to 28 U.S.C. § 1915(a)(3) an appeal of this Order would not be taken in good faith; and therefore, Plaintiff is denied leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              JUDGE MICHAEL R. BARRETT